1  Robert F. Hinton, Bar No. 98110
   rfhinton@rkmc.com
2  Joel D. Covelman, Bar No. 97500
   jdcovelman@rkmc.com
3  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   2049 Century Park East, Suite 3700
4  Los Angeles, CA  90067-3211
   Telephone:  (310) 552-0130
5  Facsimile:  (310) 229-5800

6  Attorneys for Defendants,
   BEST BUY ENTERPRISE SERVICES, INC. and
7  BEST BUY CO., INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDENTITY ARTS, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY ENTERPRISE SERVICES, INC., a Minnesota Corporation, BEST BUY CO., INC., a Minnesota Corporation, and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.  C 05-4656 PJH<br><br>**FIRST STIPULATION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT (SECOND STIPULATION OVERALL); [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER THEREON** |

This stipulation to extend the time for Defendants, Best Buy Enterprises, Inc. and Best Buy Co., Inc. (collectively "Best Buy") to respond to the First Amended Complaint of Plaintiff, Identity Arts, LLC ("IA") is the first such stipulation with respect to the First Amended Complaint and is the second such stipulation overall, the first stipulation to extend time to respond having been made with respect to IA's original Complaint.  This stipulation is based upon the following mutually agreed facts.

1.    On February 15, 2006 the Court heard and granted Best Buy's motion directed to IA's original Complaint under Federal Rule of Civil Procedure 12(b)(6).

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

2. On February 14, 2006, however, IA had filed a First Amended Complaint.

3. In granting Best Buy's motion directed to IA's original Complaint, the Court granted Best Buy 30 days from the date of its decision to respond to IA's First Amended Complaint.

4. On February 17, 2006 counsel for Best Buy raised with IA's counsel aspects of the First Amended Complaint that Best Buy contends make this new pleading subject to a motion under Federal Rules of Civil Procedure 12(b)(6), 12(f) and 9(b). Specifically, Best Buy contends that:

    a. The registrations (Exhibits L and M to the First Amended Complaint) of copyrights in the audiovisual works known as the "Rough Cut Submarine Spot" and the edited "Submarine Spot" are defective on their faces because they are based upon purported assignments of rights from the three authors to IA dated January 3, 2006, that this Court has already found (in its ruling on plaintiff's preliminary injunction motion) to be ineffective, and since a proper copyright registration is a prerequisite to filing a copyright infringement action, IA cannot establish its right to sue Best Buy for infringement of these two works;

    b. IA is already aware that Best Buy had no access to the third copyrighted work in issue, the so-called "Courtesy Project" script (attached as Exhibit A to the First Amended Complaint), because access was disputed in plaintiff's previously filed motion for preliminary injunction, and Best Buy produced undisputed evidence that it had no access to this work, and so IA lacks reasonable likelihood that it can prevail on the claim of copyright infringement as to this work in the First Amended Complaint;

    c. Even if plaintiff could state a colorable claim of infringement of the "Courtesy Project" script, its copyright registration is defective, because it shows only one author of the work, while the script itself (attached to the First Amended Complaint also as Exhibit A) shows two authors; and since a valid copyright registration is a prerequisite to bringing suit for infringement this claim too is flawed;

    d. IA's fourth, fifth, and sixth claims are all based upon California state law, but incorporate by reference into themselves the three preceding copyright infringement claims,

1  and this is improper, because to the extent a claim based upon state law incorporates allegations
2  of copyright infringement it is preempted by the federal law under sections 301 and 106 of the
3  Copyright Act;

4      e. IA's fourth claim for alleged violation of California's Unfair Competition
5  Law ("UCL"), Business and Professions Code § 17200 contains a new allegation (at paragraph
6  135) of an express fraudulent misrepresentation by Best Buy, but this allegation fails to plead this
7  fraud with specificity required by Federal Rule of Civil Procedure 9(b);

8      f. IA's fourth claim for violation of the UCL confusingly alleges (at
9  paragraph 130) that Best Buy has violated all three prongs (the unfair, unlawful and fraudulent) of
10 this statute, but fails to plead the necessary elements of a claim for any of the three prongs;

11     g. IA's fifth claim alleging breach of an implied contract is preempted by the
12 Copyright Act to the extent it alleges that Best Buy promised not to use the copyrighted works
13 without paying IA for them; and to the extent it pleads that best Buy has pirated IA's marketing
14 strategy IA is estopped from pleading an implied contract when the express written contract
15 between IA and Best Buy already covers this subject;

16     h. IA's sixth claim for unjust enrichment fails to state the elements of such a
17 claim.

18     5. While IA's counsel is not at present prepared to concede the merits of any of the
19 issues pertaining to the First Amended Complaint raised by counsel for Best Buy, nevertheless
20 neither side wishes to burden the Court with needless motion practice.

21 WHEREFORE THE PARTIES HERETO, BY AND THROUGH THEIR RESPECTIVE
22 ATTORNEYS OF RECORD MAKE THE FOLLOWING STIPULATION:

23     6. Counsel for IA has agreed to consider the issues raise by counsel for Best Buy, and
24 within thirty-one days of this stipulation to either propose to the Court that it grant leave to IA to
25 file and serve a Second Amended Complaint, or should IA decide to stand on its First Amended
26 Complaint, to notify counsel for Best Buy that it must respond to the First Amended Complaint.

27 / / /

28 / / /

LA1 60122575.1      - 3 -      STIP. RE EXT TO RESPOND TO FIRST AMENDED COMPLAINT - C 05-4656 PJH

7. During that thirty-one days counsel for IA hereby stipulates and agrees that Best Buy shall not be required to file or serve a response to the First Amended Complaint.

8. Should IA seek leave to file and serve a Second Amended Complaint, counsel for Best Buy shall stipulate to the filing and service of the new Complaint, and Best Buy agrees to respond to this Second Amended Complaint within fifteen days from service upon its counsel.

9. Should IA elect to stand on its First Amended Complaint, counsel for IA shall notify counsel for Best Buy in writing, and Best Buy shall respond to this First Amended Complaint within fifteen days from receipt of IA's written election.

SO STIPULATED.

DATED: Mach 17, 2006

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
Robert F. Hinton
Joel D. Covelman

Attorneys for Defendants, BEST BUY ENTERPRISE SERVICES, INC. AND BEST BUY CO., INC.

DATED: March 17, 2006

**BRADSHAW & ASSOCIATES, P.C.**

By: _____
Drexel A. Bradshaw

Attorneys for Plaintiff, IDENTITY ARTS, LLC

LA1 60122575.1 — - 4 - — STIP. RE EXT TO RESPOND TO FIRST AMENDED COMPLAINT - C 05-4656 PJH

1

**ORDER**

2   Pursuant to the Stipulation upon agreed facts recited above IT IS ORDERED that:

3   Defendants, Best Buy Enterprise Services, Inc. and Best Buy Co., Inc., need not respond
4   to plaintiff's First Amended Complaint during the thirty-one days through and including April 17,
5   2006. On or before April 17, 2006, plaintiff's counsel shall notify counsel for the defendants
6   whether leave of court will be sought to file and serve a Second Amended Complaint. Should
7   leave be sought to file a Second Amended Complaint, upon its filing and service, the defendants
8   shall have fifteen days to file and serve their response to the Second Amended Complaint.
9   Should plaintiff instead elect to stand on its First Amended Complaint, plaintiff's counsel shall
10  notify defendants' counsel in writing of this election on or before April 17, 2006. Thereafter,
11  defendants shall have fifteen days from their counsel's receipt of written notice of plaintiff's
12  election to stand on the First Amended Complaint to file and serve their response to that pleading.

13  DATED: 3/20/06                    _____
14                                    HONORABLE PHYLLIS J. HAMILTON
15                                    United States District Judge



LA1 60122575.1                         - 5 -           STIP. RE EXT TO RESPOND TO FIRST
                                                       AMENDED COMPLAINT - C 05-4656 PJH