Michael E. Dergosits (SBN 118206)
DERGOSITS & NOAH LLP
Four Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone: (415) 705-6377
Facsimile:   (415) 705-6383
mdergosits@dergnoah.com

Attorneys for GEE JEFFERY & PARTNERS ADVERTISING, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GEE JEFFERY & PARTNERS ADVERTISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEST BUY ENTERPRISE SERVICES, INC., a Minnesota corporation, BEST BUY CO., INC., a Minnesota corporation, IDENTITY ARTS, LLC, a California Limited Liability Company, SPRINT CORPORATION, a Kansas corporation, AMC ENTERTAINMENT INC., a Delaware corporation, DAVID SCOTT JANSSEN, an individual, DAVID BOBROW, an individual, and DOES 1 through 100 inclusive, <br><br> Defendants. | CASE NO.: C 06-01631 PJH <br><br><br> Consolidated for discovery with <br><br> CASE NO.: C 05-04656 PJH <br><br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| IDENTITY ARTS, a California Limited Liability Company <br><br> Plaintiff, <br><br> v. <br><br> BEST BUY CO., INC., et al., <br><br> Defendants. | |

The parties' participation in pretrial discovery may require the disclosure of certain documents and testimony which contain or concern confidential, sensitive, proprietary or financial information, or information which one or more of the parties are legally required to maintain as confidential or required to maintain as confidential pursuant to agreement with third parties. The parties wish to provide for the delivery of such information in a manner that will protect its confidentiality and limit its dissemination to others. The parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order, which shall be binding in this action ("Best Buy II") and in the related action caption Identity Arts v. Best Buy Enterprise Services, Inc., et al, Case No. C 05-04656 PJH ("Best Buy I").

IT IS HEREBY STIPULATED TO BY THE PARTIES AND ORDERED THAT the following provisions shall govern the handling and disclosure of testimony, arguments, filings, documents, things and information obtained, generated or produced by any party to these proceedings, or by third parties:

1. DEFINITIONS

1.1 Confidential Information: Means any confidential, sensitive, private, or proprietary information, including trade secrets, financial information, competitive information, and personal information which the Producing Party reasonably and in good faith believes is in fact confidential, sensitive, or proprietary information, that is legally protected and/or not publicly available. Confidential Information may be included, without limitation, in the following: exhibits and testimony taken at deposition, conference, hearing or trial; affidavits or declarations; correspondence; e-mails; conversations; answers to interrogatories; documents and tangible things produced by a party or person (whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or otherwise); responses to requests for admission; and briefs that may quote, summarize, or contain Confidential Information.

1.2 Document: The term "document" shall have the most comprehensive and inclusive meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence, and includes without limitation any written, recorded, electronically stored, or graphic material.

1.3     Producing Party:  Means a party or non-party that produces documents, information or other materials in connection with this litigation.

1.4     Receiving Party:  Means a party in this litigation (or counsel thereto and their agents) who obtains access to any Confidential Information pursuant to paragraph 1.1 of this Order.

1.5     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been formally retained in good faith by a party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.6     Legend:  Means a large, bold stamp or similar insignia stating either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.     SCOPE

The protections conferred by this Stipulated Protective Order cover not only Confidential Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

3.     DESIGNATION

3.1     Exercise of Good Faith and Care in Designating Confidential Information.  Any party to this action may designate information or documents "Highly Confidential – Attorneys' Eyes Only" or "Confidential" in the reasonable exercise of that party's discretion and upon a good faith belief that such materials may reasonably be considered Confidential Information, provided, however, that by agreeing to this Stipulated Protective Order, no party waives the right to challenge any other party's designation.

Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a party's attention that information or items that it designated for protection under this Order do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2   Manner and Timing of Designations.

(a)   *Designation of Documents or Filings.*  To designate Confidential Information in documentary form, the designating party shall place the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains material to be protected under this Order. If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)   *Designation of Testimony and Hearing Transcripts.*  To designate Confidential Information in testimony (or in exhibits referred to therein), the designating party shall (1) make an oral statement to such effect on record in the course of the hearing or deposition or (2) designate a certified deposition or hearing transcript, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so notifying all parties in writing within twenty (20) days after receipt of such transcript (unless a different time is otherwise agreed to in writing by all parties hereto). Portions of transcripts and exhibits containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each page the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by counsel for the party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information the deponent has had access.

(c)   *Designation of Material Produced in Non-Paper Media or Other Tangible Items.*  To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the designating party shall affix in a prominent place on the exterior of such non-paper media the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event the Receiving Party generates any copy, transcription, or printout from any such designated non-paper media, such party must mark such copy, transcription or printout as "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and treat

it as so designated.

(d) Any portion of the content of any oral discussion between or among the parties and/or the attorneys for the parties may be designated as Confidential Information by informing the discussion participant(s) of such designation during said discussion or within 72 hours thereafter and by confirming such designation in writing thereafter. The confirming writing must identify with reasonable specificity the information communicated during the oral discussion that is designated as confidential or the designation shall be ineffective.

3.3 <u>Levels of Confidentiality Designations</u>. There shall be two levels of confidentiality pertaining to testimony, arguments, filings, documents, things and information as follows hereunder.

(a) Any testimony, arguments, filings, documents, things and information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" is accessible only by the following persons:

(i) Counsel of record for the respective parties in this action, and the attorneys, paralegals, and staff employed by counsel who have been assisting in the conduct of this action; and

(ii) Defendants' in-house counsel; and

(iii) The Court and its personnel (including court reporters); and

(iv) The author of the specific document or the original source of the information, and any person identified on the face of a document or thing; and

(v) Experts (as defined in this Order) engaged by counsel to assist in this litigation, provided that for each such consultant or expert, counsel for the party seeking to disclose such information secures, in advance of such disclosure, an executed Certification in the form shown in Exhibit A. To the extent that such expert's or consultant's identity should become known by way of designation (or otherwise), said certification shall be produced within three (3)

- 5 -

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

court days of a written request for same by any named party hereto; and

(vi) Independent businesses or persons formally retained by a party or its counsel in good faith to provide legal support services in this action, including persons who specialize in document reproduction, translation, computer classifications, or graphics consulting; and

(vii) Any other persons as all parties hereto may agree to in writing or as the Court may order.

(b) Any testimony, arguments, filings, documents, things and information designated as "CONFIDENTIAL" is accessible only by the following persons:

(i) Persons having access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information; and

(ii) The officers, directors and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed a Certification in the form shown in Exhibit A; and

(iii) Witnesses providing testimony by deposition or at any court proceeding in this case; and

(iv) Any other persons as all parties hereto may agree to in writing or as the Court may order.

3.4 <u>Conflicts in Designation</u>. If the parties designate the same testimony, arguments, filings, documents, things or information as having different levels of confidentiality, the higher designation shall control until, and unless, the Court rules differently. If the Receiving Party believes that any testimony, arguments, filings, documents, things or information should be protected by a higher degree of confidentiality than specified by the disclosing party, and has not previously produced and/or so designated the testimony, arguments, filings, documents, things and information and the disclosing party does not agree to modify the level of confidentiality, the Receiving Party may, at any time, seek a ruling from the Court to that effect.

3.5     <u>Inadvertent Failure to Designate</u>.  A party's inadvertent failure to designate or accurately designate testimony, documents, items or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be construed as a waiver, in whole or in part, and that party shall have fifteen (15) business days after such production to so stamp or otherwise designate or redesignate the document, testimony, item or other information.  In the interim and until said fifteen (15) business days expire, said undesignated or inaccurately designated documents or information shall be afforded the highest level of confidentiality provided in this Protective Order.

3.6     <u>Resolution of Disputes Regarding Confidentiality Designations</u>.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time a designation is made, and is not precluded from making a challenge subsequent thereto during the pendency of this litigation. In the event that any party to this litigation disputes any such designation, such party shall provide to the designating party written notice of its disagreement with the designation.  In an effort to settle such dispute without judicial intervention, the parties shall meet and confer (voice-to-voice) within five (5) business days (unless a different time period is agreed to in writing by said parties) after such notice to reconsider the circumstances and explain the bases for maintaining or challenging the designation.

In the case of material designated "CONFIDENTIAL," if the dispute cannot be resolved, any party may request relief from the Court by filing and serving a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth with specificity the stated justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue (notwithstanding who the movant is).

- 7 -

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

Notwithstanding the above, in the case of material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if the dispute cannot be resolved, it shall be the obligation of the designating party, within ten (10) days following the meet and confer, to file and serve a motion to maintain such designation. If the designating party fails to so move within ten days, the status of the materials in question will be changed from "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to "CONFIDENTIAL" and thereafter treated accordingly under this Order

The designating party shall bear the burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall remain subject to the designations and restrictions of this Order.

4. <u>RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE</u>

4.1 <u>Record Maintenance</u>. All Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that [plaintiff proposes adding the term: "reasonably"] ensures in good faith that access is limited to persons authorized under this Order.

4.2 <u>Copies, Summaries, and Extracts</u>. No individual shall make copies, extracts or summaries of any confidentially designated document, argument, testimony, filing, thing or information produced by another party (or non-party) hereto during the course of this litigation except to the minimum extent necessary for use as permitted by this Order. Each such copy or other paper shall be conspicuously marked with an appropriate Legend signifying its confidential status. Counsel and all persons to whom such copies, extracts, or summaries are produced or disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

4.3 <u>Limitation to Instant Action</u>. No person or party, including third parties, receiving or providing any confidential testimony, arguments, filings, documents, things and information during the course of these proceedings shall disclose such testimony, arguments, filings,

documents, things and information to anyone other than as permitted by this Order nor use such testimony, arguments, filings, documents, things and information for any purpose other than for use in this litigation, except as may be required by law and then only upon adequate notice to the parties that such disclosure is required, such notice to be given prior to the time any disclosure of Confidential Information is made.

4.4     <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order and afford the designating party a reasonable opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

The Receiving Party also must immediately inform (in writing) the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The Receiving Party shall not disclose Confidential Information without giving three (3) court days notice of the intended disclosure to all parties hereto.

4.5     <u>Third Party Discovery</u>. To the extent that any discovery is sought from a person or entity who is not a party to this litigation, and in the event such third party or any of the parties hereto contend the discovery sought from the third party by a requesting party involves Confidential Information, then such third party may agree to be bound by this Order and to produce documents, information and things in compliance with this Order, and to so notify all parties to this litigation in writing. In the event such third party agrees to be bound by this Order, then the provisions of this Order are to apply to that party.

- 9 -

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

4.6     Unauthorized Disclosure of Confidential Information. If a party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any person or in any circumstance not authorized under this Stipulated Protective Order, that party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Certification in the form shown in Exhibit A.

4.7     Filing Confidential Information. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party or non-party may not file in the public record in this, or any other, action any Confidential Information protected under this Order. A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

5.     DURATION AND TERMINATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in full force and effect unless or until it is modified, superseded or terminated on the record by agreement of all parties hereto, in writing by all parties hereto, or by order of the Court.

Within sixty (60) days after the final termination of this action, which includes any final judicial appellate review, each Receiving Party must return to the Producing Party any and all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and all copies, summaries and extracts of the same or shall certify by the sixty (60) day deadline the return of such material. At the written election of the producing party, such documents or materials may be destroyed instead of returned. The party returning or destroying such documents or materials must submit a written certification to the producing party (and, if not the same, the designating party) within the same above-referenced sixty (60) day period that such documents and/or materials were to be returned or destroyed, as elected by said producing and/or designating party. Notwithstanding the provisions of this section, counsel are entitled to retain an

archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information shall remain subject to this Order.

6.  MISCELLANEOUS

    6.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    6.2  Right to Assert Other Objections. By stipulating to the entry of this Order no party waives any right it otherwise would have to object to disclosing or producing or to redact any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| DATED: _____, 2006 | Respectfully submitted, |

**DERGOSITS & NOAH LLP**

By: _____/s/_____
    Michael Dergosits

**SMITH DORNAN & DEHN, PC**

By: _____/s/_____
    David Atlas
Attorneys for Plaintiff Gee Jeffery & Partners Advertising, Inc. (in Best Buy II)

**BRADSHAW & ASSOCIATES**

By: _____/s/_____
    Scott A. Freedman
Attorneys for Plaintiff, Identity Arts, LLC (in Best Buy I)

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____/s/_____
    Robert F. Hinton
Attorneys for Defendants Best Buy Enterprise Services, Inc. and Best Buy Co., Inc. (in Best Buy I)

Attorneys for Defendant AMC Entertainment Inc. (in Best Buy II).

**DAVIS WRIGHT TREMAINE LLP**

By: _____/s/_____
    Thomas R. Burke
Attorneys for Defendants Identity Arts, LLC, David Bobrow and David Janssen (in Best Buy II)

**HOLME ROBERTS & OWEN LLP**

By: _____/s/_____
    Roger R. Myers

Attorneys for Defendants Best Buy Enterprise Services, Inc., Best Buy Co., Inc. and Sprint Corporation (in Best Buy II)

1

2   PURSUANT TO STIPULATION, IT IS SO ORDERED.

3
          December 21
4   DATED: _____, 2006       _____
                                        **The Honorable**
5                                       United States D

*IT IS SO ORDERED*
*[signature]*
*Judge Phyllis J. Hamilton*

*[Seal: United States District Court, Northern District of California]*

# EXHIBIT A

## CERTIFICATION

I, _____ [print of type full name], of _____ [print or type full address], hereby certify that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of <u>Gee Jeffery & Partners Advertising, Inc. v. Best Buy Co., Inc., et al.</u>, Case No. C-06-1631 (PJH) and <u>Identity Arts LLC v. Best Buy Enterprise Services et al.</u>, Case No. C-05-4656 (PJH).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

Printed Name: _____

Signature: _____