UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IDENTITY ARTS, a California Limited
Liability Company,

    Plaintiff,

    v.

BEST BUY ENTERPRISE SERVICES
INC., a Minnesota Corporation, et al.,

    Defendants.
_____/

No. C 05-4656 PJH

**ORDER REQUIRING SUPPLEMENTAL DOCUMENTATION**

    Before the court is defendants' motion for attorney's fees and costs pursuant to Section 505 of the Copyright Act. See 17 U.S.C. § 505. Defendants seek recovery of $127,477 in attorney's fees, and $7,252.14 in costs.

    The court has reviewed the parties' papers and arguments and determined that, as a preliminary matter, defendants' supporting documentation lacks sufficient information from which to resolve defendants' motion. Specifically, and as plaintiff points out, defendants' declarations fail to include any specific itemization and/or description of the time billed and work performed in support of the above amounts. Defendants' declarations include only generic statements that summarize the overall time billed per contributing attorney, hourly billing rates, resulting totals, and general conclusions as to the broad categories of work that the summarized hours and amounts covered. From these generic summaries, it is impossible for the court to determine whether the hours spent, and fee requested, are reasonable.

    Defendants attempt to justify this deficiency by arguing that they are in full compliance with Civil Local Rule 54-6(b), which governs the filing of attorneys' fees

motions, and which defendants note requires only a summarized statement of services rendered and time spent.  Defendants furthermore note that they stand ready to submit any time records for in camera inspection.

Defendants are generally correct that Local Rule 54-6(b) allows a party seeking fees to submit declarations that contain a mere "statement of the services rendered" along with "a summary of the time spent by each person, and a statement describing the manner in which time records were maintained."  However, rule 54-6(b) outlines the minimum procedural requirements that defendants must meet in support of their motion for attorney's fees, and does not in any way supercede the substantive law of this circuit, which requires a more detailed substantive showing.  See, e.g., Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1557 (9th Cir. 1989)(reversing district court award of attorney fees for failure "to make a more detailed analysis of the time records presented and a finding as to the reasonable hourly rate")("the district court should make specific findings of the rate and hours it has determined to be reasonable"); see also Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 (9th Cir.1984).  It is this more detailed substantive showing with which defendants have failed to comply.

Accordingly, the court hereby ORDERS defendants to submit further documentation in support of the reasonableness of the fee amounts they seek.  Defendants' revised submissions shall include appropriate detail and description as to the amount of hours worked and time spent on the matters for which they seek recovery of fees.

Defendants are further ORDERED to submit further detail with respect to the cost amounts for which they seek recovery.  While defendants have properly submitted an itemized list of costs already, that list does not always reflect a description of the actual charges being submitted to the court as recoverable costs.  Accordingly, defendants' revised submissions shall include complete itemized descriptions for all charges for which defendants seek recovery of costs.

Defendants' revised submissions are due no later than October 30, 2007, and shall

be filed in the public record. The court will not review these records in camera, as suggested by defendants. Plaintiff shall have one week thereafter, until November 6, 2007, to respond. The court will thereafter once more take the matter under submission.

**IT IS SO ORDERED.**

Dated: October 23, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge