UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IDENTITY ARTS, a California Limited
Liability Company,

    Plaintiff,

    v.

BEST BUY ENTERPRISE SERVICES
INC., a Minnesota Corporation, et al.,

    Defendants.
_____/

No. C 05-4656 PJH

**ORDER GRANTING MOTION
FOR ATTORNEY'S FEES**

    Before the court is defendants' motion for attorney's fees and costs pursuant to Section 505 of the Copyright Act. See 17 U.S.C. § 505. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the following reasons.

## BACKGROUND

    This action stems from a dispute over faux movie trailers. On November 14, 2005, plaintiff Identity Arts ("Identity Arts") filed the instant action against Best Buy Enterprise Services, Inc. and Best Buy Co. (collectively "Best Buy"), alleging that Best Buy had created unauthorized faux movie trailers that infringed Identity Art's own copyrighted trailer. The faux trailers, which are shown in movie theaters prior to the commencement of feature films, serve as public service announcements that encourage movie patrons to turn off their cell phones.

    In the original November 2005 complaint, Identity Arts asserted five causes of action against Best Buy: (1) direct copyright infringement; (2) vicarious copyright infringement; (3) contributory copyright infringement; (4) unfair competition under California Business & Professions Code §17200; and (5) unjust enrichment. See generally Complaint for Damages and Injunctive Relief for Copyright infringement, Unfair Competition, and Unjust

1  Enrichment ("Complaint").  On February 10, 2006, the court issued an order denying
2  plaintiff's request for a preliminary injunction, finding that plaintiff lacked standing due to
3  failure to properly register the works in question, and that plaintiff could not demonstrate a
4  likelihood of success on the merits of its infringement claim.  See Order Denying Motion for
5  Preliminary Injunction ("February 10, 2006 Order").  Subsequently, on February 21, 2006,
6  the court granted the Best Buy defendants' motion to dismiss Identity Arts' fourth and fifth
7  causes of action alleging state law claims, with leave to amend.

8  On June 16, 2006, Identity Arts filed its second amended complaint.  See generally
9  Second Amended Complaint for Damages and Injunctive Relief for Copyright infringement,
10 Unfair Competition, and Unjust Enrichment ("SAC").  The SAC alleged the same causes of
11 action as those alleged in the original complaint, but added one new state law claim
12 alleging breach of implied contract (for a total of six causes of action), based on new
13 allegations regarding a marketing strategy that Identity Arts contended it disclosed to Best
14 Buy during negotiations over the agreement between the parties.  See SAC, ¶¶ 78-173.

15 Best Buy moved for judgment on the pleadings as to all causes of action in plaintiff's
16 second amended complaint.  On April 18, 2007, the court granted defendants' motion as to
17 all three copyright infringement claims and two of the three state law claims, leaving only
18 the breach of implied contract claim (or Desny claim) for continued adjudication.  See
19 generally Order Granting in Part and Denying in Part Defendants' Motions for Judgment on
20 the Pleadings ("April 18, 2007 Order").  The court subsequently entered judgment on the
21 copyright claims pursuant to Rule 54(b), allowing plaintiff to appeal the court's decision
22 granting defendants' motion for judgment on the pleadings.  The court also stayed the
23 proceedings regarding the remaining breach of implied contract claim pending plaintiff's
24 appeal.

25 On August 31, 2007, Best Buy moved to recover $130,779 in attorney's fees and
26 costs incurred in defending the copyright claims, pursuant to Section 505 of the Copyright
27 Act.  On October 23, 2007, after reviewing the parties' submissions in connection with the
28

2

motion, the court ordered defendants to submit further documentation in support of the reasonableness of the fee amount sought, as well as additional detail with respect to the cost amounts sought. The parties' supplemental briefing is now complete, and defendants' motion for attorney's fees and costs is now properly before the court.

## DISCUSSION

A.   Legal Standard

Section 505 of the Copyright Act provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Fees should be awarded to a prevailing defendant where a successful defense furthers the policies underlying the Copyright Act, irrespective of plaintiff's culpability. Fogerty v. Fantasy, Inc., 510 U.S. 517, 527-28 (1994)("Fogarty I"). The Ninth Circuit has identified certain non-exclusive factors to guide courts' discretion, so long as those factors are faithful to the purposes of the Copyright Act and are evenhandedly applied. Those factors are: the degree of success obtained; objective reasonableness of factual and legal arguments; frivolousness; motivation; and need for compensation and deterrence. Ultimately, "[f]aithfulness to the purposes of the Copyright Act is . . . the pivotal criterion." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996)("Fogarty II").

Once a court determines that fees are warranted under the Copyright Act, it must determine the reasonable value of the work performed. Traditional Cat Ass'n v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003). The moving party bears the burden of establishing the appropriate hours expended and the hourly rates. Fantasy Inc. v. Fogerty, No. C 85-4929-SC, 1995 WL 261504, at *2 (N.D.Cal. May 2, 1995)("Fogerty III").

The court begins by calculating the lodestar, or, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1980); see also Ackerman, 643 F. Supp. at 860. The party seeking

attorneys' fees bears the burden of producing evidence supporting the hours worked and a reasonable rate; the district court may reduce the award accordingly if insufficient evidence is produced. Id. The district court may also exclude compensation for time that was "not reasonably expended" in the case. Id. at 434 (court may deny compensation for "hours that are excessive, redundant, or otherwise unnecessary").

In determining the reasonableness of attorney's fees, this circuit generally balances the following twelve factors: (1) The time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Id. at *8-9 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975)). However, not all factors are always relevant in determining whether an award is reasonable. Id. Reasonable hourly rates are based on prevailing market rates in the relevant community for counsel with similar experience. See, e.g., Fogerty III, 1995 U.S. Dist. LEXIS 6197, *12.

If a party is entitled to attorney's fees as a prevailing party on a particular copyright claim, but not on other claims in the same lawsuit, the party can only recover attorney's fees incurred in defending against that one claim or any related claims. Traditional Cat Ass'n, 340 F.3d at 833. The "first step in the calculation of a reasonable attorney's fee in the present case should have been to decide if the copyright and non-copyright claims are related." The district court then must make an attempt to apportion fees between the copyright and non-copyright claims. In doing so, the court should consider what the case is about and what part the copyright claims played in the overall makeup of the case, although there is no precise formula for making such determinations. Id. at 833-34.

4

B.   Defendants' Motion for Attorney's Fees

A determination whether to grant Best Buy's motion for attorney's fees and costs depends on resolution of two overriding issues: (1) whether an award of attorneys' fees and costs is preliminarily warranted under section 505 of the Copyright Act; and (2) whether, if so, the amount of attorney's fees and costs requested here are reasonable.

1.   <u>Award of Fees and Costs Under Section 505 of the Copyright Act</u>

As the parties correctly acknowledge, the Ninth Circuit has embraced certain factors for use as a guide in determining whether an award of fees is appropriate under section 505, so long as these factors are consistent with the underlying purposes of the Copyright Act. <u>Fogerty II</u>, 94 F.3d at 558-59 (citing <u>Fogerty I</u>, 510 U.S. 517). Here, the relevant factors are: (a) purposes of the Copyright Act; (b) degree of success obtained; (c) objective unreasonableness of factual and legal issues; (d) motivation; and (e) need to advance considerations of compensation and deterrence. See <u>Fogerty II</u>, 94 F.3d at 557 n.2; <u>id</u>. at 560 (finding frivolousness element no longer required as component of fee award); <u>see also Maljack Prods., Inc. v. GoodTimes Home Video Corp.</u>, 81 F.3d 881, 889 (9th Cir. 1996); <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 156 (3d Cir. 1986).

Each factor is discussed below.

a.   purposes of Copyright Act

The Ninth Circuit has acknowledged that a successful defense of a copyright infringement action "may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." <u>Fogerty II</u>, 94 F.3d at 559. This is because a successful defense may serve the purpose of enlarging the public domain, thereby increasing the likelihood of further creativity. See <u>Fantasy</u>, 94 F.3d at 559 (citing <u>Fogerty</u> I, 510 U.S. at 526-27)(finding that purposes of Copyright Act were satisfied where defense of underlying copyright action "increased public exposure to a musical work that could, as a result, lead to further creative pieces"); see also, e.g., <u>Gonzales v. Transfer Techs., Inc.</u>, 301 F.3d 608 (7th Cir. 2002)("The [Supreme Court] in

Fogerty reasoned that copyright defenses are as important as copyright claims (a successful defense enlarges the public domain, an important resource for creators of expressive works . . . .")).

Here, this court has already noted that the plaintiff sought multiple times to "define[] the scope of copyright protection too broadly," and that plaintiff "impermissibly [sought] protection for the general idea, or concept, of a faux movie trailer whose true nature is a cell phone courtesy message, instead of seeking protection for plaintiff's own expression of the same idea." See April 18, 2007 Order at 24:24-26. Best Buy's successful defense, therefore, secured the public's access to the genre of cell phone courtesy messages in the form of faux movie trailers, and paved the way for the creation of future works belonging to this genre. This result furthers the purposes of the Copyright Act in the same manner contemplated by the Ninth Circuit in Fogerty II. See 94 F.3d at 556.

Plaintiff argues that a contrary conclusion is warranted because defendants modeled their faux movie trailers on plaintiff's protected work, and thereby engaged in a questionable business practice. For support, plaintiff invokes Berkla v. Corel Corp. See 302 F.3d 909, 923 (9th Cir. 2002). This reliance on Berkla is misplaced. It is true enough that Berkla affirmed a denial of attorney's fees pursuant to section 505 on grounds that such an award would not be consistent with the purposes of the Copyright Act. However, this conclusion was reached because the defendant's use of the plaintiff's nozzles to model its own works constituted an improper appropriation of the plaintiff's products, as found by the jury in the underlying case. See id. The jury's findings furthermore constituted findings of "maliciousness or oppressiveness or fraud" – which the defendant did not contest. Id. There are no comparable findings at issue in this case. Moreover, as the court previously concluded, Best Buy's own faux movie trailers were also premised on a contractual provision in the contract between plaintiff and defendants that *allowed* Best Buy to make its own faux movie trailers. See April 18, 2007 Order at 28-30.

In sum, this factor weighs in favor of an award of attorney's fees and costs.

6

        b.     degree of success obtained

Best Buy prevailed on plaintiff's copyright claims on at least two occasions: (1) in connection with the court's February 10, 2006 denial of plaintiff's motion for preliminary injunction; and (2) in connection with the court's April 18, 2007 Order. In both orders, the court concluded that there was an absence of substantial similarity under the extrinsic test, and that Best Buy was furthermore authorized to create the works in question based on the parties' agreement. The court's findings on both occasions are unequivocal, and compel the conclusion that Best Buy achieved a high degree of success in pursuing its copyright defense. Plaintiff, moreover, does not contest this factor.

Accordingly, this factor also weighs in favor of awarding fees to Best Buy.

        c.     objective reasonableness

This factor requires the court to consider the objective unreasonableness of a party's claims, "both in the factual and in the legal components of the case." See, e.g., Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1120 (9th Cir. 2007). Defendants point to several aspects of plaintiff's case that they claim demonstrate objective unreasonableness. Ultimately, and for the reasons discussed below, the court agrees with defendants.

First, plaintiff's failure to properly register its original copyrighted work before bringing suit suggests unreasonableness. As the court found in its February 2006 order denying plaintiff's motion for preliminary injunction, plaintiff lacked standing to bring its copyright infringement claim, because Identity Arts had failed to register the original works in question in compliance with a well-established jurisdictional prerequisite under the Copyright Act. See February 10, 2006 Order at 6-7. Indeed, Identity Arts never even sought to do so until well after the filing of the original complaint and after the court's preliminary injunction order, and only in connection with its *second* amended complaint. Even then, however, the court found no clear authority authorizing plaintiff to register its work *after* the filing of its original complaint, and then subsequently amend its complaint to relate back to the date of the work's registration. Rather, the court simply found that, while

7

a jurisdictional defect continued to exist, the court would hold such defect cured, since requiring plaintiff to re-file a new action would be judicially inefficient, in view of the lack of prejudice to defendants. In sum, the court finds plaintiff's failure to properly register the alleged copyrighted work in question suggestive of objective unreasonableness, even if not conclusive on the matter, since the court subsequently allowed plaintiff to cure its failure.

Defendants also correctly point, however, to the licensing agreement between Identity Arts and Best Buy, as further evidence of objective unreasonableness. As the court held in ruling on Best Buy's motion for judgment on the pleadings, the license agreement – whose validity plaintiff conceded – is "explicit on its face" and expressly grants Best Buy the right to produce its own faux movie trailer commercials. See April 18, 2007 Order at 28-29. Contrary to plaintiff's contention, the provision of the agreement granting defendants the right to produce their own faux movie trailers, is not susceptible of any other reasonable interpretation. Indeed, the court itself held as much, when it previously ruled that the agreement's grant of authority was "express and unambiguous." See id. at 30. In view of this clear grant of authority, the court finds that Identity Arts' lawsuit alleging copyright infringement was objectively unreasonable – both from a factual perspective and a legal perspective.

In sum, therefore, the court concludes that this factor weighs in favor of an award of attorney's fees and costs.[1]

   d.   motivation

This factor tips in favor of an award of attorneys' fees where it is demonstrated that a plaintiff's motivation in alleging copyright claims is to secure benefits other than merely redressing grievances – i.e., where plaintiff has an improper motivation. See, e.g., Maljack

---

[1] Defendants also point to additional components of plaintiff's case that they assert should be viewed as objectively unreasonable – e.g., plaintiff's repeat attempts to gain copyright protection based on works that the court twice held to lack substantial similarity, and plaintiff's improper request for statutory and punitive damages under the Copyright Act. In view of the foregoing discussion, the court finds it unnecessary to rely on these additional factors. The court does note, however, that plaintiff did not contest these points, effectively conceding them.

8

Prods., 81 F.3d at 889 (finding that motivation factor properly supported grant of attorney fee award to defendant where evidence demonstrated that plaintiff had brought lawsuit in effort to expose defendant to risk and to "secure a competitive advantage in the market" for plaintiff). Here, defendants contend that plaintiff's improper motivation is present, by virtue of plaintiff's "broad and unprecedented assertion of purported copyright over ideas, genres and cinematic techniques in the public forum." See Mot. ISO Atty. Fee and Costs at 13:15-17.

Defendants have not persuaded the court on this point. They have introduced no evidence that plaintiff brought this action in bad faith or to harass Best Buy, or even that plaintiff brought this action out of a desire to secure a competitive advantage in the market. Defendants rely on the court's April 18, 2007 Order for proof of the contrary, but the court's ruling that plaintiff defined the scope of copyright protection too broadly is not synonymous with a finding that plaintiff's motivation in bringing suit in the first place was improper (even if ill-advised).

Accordingly, this factor weighs against an award of attorney's fees.

e. Need for Compensation and Deterrence

Defendants contend that their successful defense of the instant case warrants compensation in the form of attorney's fees and costs, and that an award of fees will deter others from attempting to assert monopolies over general ideas based on unreasonable factual and/or legal positions. Plaintiff, by contrast, contends that it maintained a meritorious claim for infringement throughout the litigation, and that even if defendants didn't technically violate the Copyright Act, their actions constituted a questionable business practice – thereby obviating any considerations of need for compensation and deterrence.

On balance, this factor weighs in defendants' favor. Defendants' successful defense of the action, in the face of objectively unreasonable factual and legal circumstances (e.g., the agreement's explicit grant to defendants of the right to make faux movie trailers),

9

warrants compensation.  Moreover, in view of the agreement's existence, and plaintiff's improper attempt to seek protection over general ideas and plots, a fee award would also aid in deterring other would-be plaintiffs from prosecuting any similarly ill-advised and meritless claims for copyright infringement.  Finally, despite Identity Arts' contention that this factor does tip in favor of attorney's fees, due to defendants' questionable business practices, plaintiff has failed to actually establish any questionable business practice, in view of the court's finding that defendants were authorized to produce their own faux movie trailers.

In sum, then, this factor, as well as all of the above, generally tip in favor of an award of attorney's fees and costs pursuant to section 505 of the Copyright Act.  See 17 U.S.C. § 505 (court may allow for grant of "full costs" as well as "reasonable attorney's fee").  The court therefore finds that an award of attorney's fees and costs are warranted.

    2.    Reasonableness of Attorney's Fees and Costs Sought

Having determined that attorney's fees and costs are warranted under section 505, the only remaining issue for the court is whether the fees and costs requested– $123,527.00 in fees[2] and $7,252.14 in costs – are reasonable.

        a.    fees

Defendants have submitted the declarations of Robert Hinton, David Martinez and Peter Haviland in support of their fee request, as supplemented by the follow-up declaration of David Martinez.  See generally Declarations of Robert F. Hinton, David Martinez and Peter L. Haviland ISO Motion for Atty's Fees and Costs ("Original Decl."); Supplemental Declaration ISO Motion for Atty's Fees and Costs ("Supp. Decl.").  The court has reviewed

---

[2] In its supplemental documentation, Best Buy notes that its finalized billing records reflect total fees in the amount of $155,358.00 – a higher amount than the $154,409.00 in total fees originally sought – as well as a lesser total fee amount to cover the time spent by Mr. Martinez working on the case.  Best Buy also notes, however, that it is not seeking to recover the additional total fee amount, and also waives its claim to the higher fee amount including time spent by Mr. Martinez.  Accordingly, Best Buy continues to seek $123,527 in total (representing 80% of the total $154,409.00 incurred, in order to account solely for copyright claims).

10

this evidence and finds that the number of hours expended on the litigation is reasonable, the hourly rate is reasonable, and the requested fees are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1980).

Preliminarily, the submitted declarations set forth the following: Mr. Hinton, lead counsel on the case, billed over 103 hours at a rate of $460 to $500 in 2006-2007; Mr. Covelman billed 77.9 hours at a rate of $310/hour; and Mr. David Martinez billed 224.6 hours at $360-390/hour. See Original Decl. ¶¶ 17-23; Supp. Decl. ¶ 3. All fees were billed in all aspects of the case, including "case investigation, analysis and strategy, document review, review and analysis of all pleadings, discovery and memoranda," etc. See generally Original Decl. Collectively, defendants' fees total $154,409. However, defendants discounted 20% of these fees, estimating that copyright claims constituted only 80% of all work litigated, making the final fees sought $123,527.

The court finds the amount of time spent litigating the case – i.e., a total of more than 405 hours – to be reasonable. The parties conducted investigation and discovery, participated in a motion for preliminary injunction, a motion to dismiss, motions for judgment on the pleadings, and a motion for entry of judgment, over the course of approximately two years. Moreover, Best Buy has properly reduced the fee amount sought here by 20% – an approximation that the court further finds reasonable, as it agrees with defendants that the copyright claims presented in the underlying action presented the vast majority of the issues litigated before the court. See, e.g., Traditional Cat Ass'n, 340 F.3d at 833 ("a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'").

The court also finds the hourly rates charged by counsel to be reasonable. Best Buy has submitted a survey from Pricewaterhouse Coopers demonstrating that defense counsels' billing rates are comparable with, or even lower than, rates of other comparable firms in Los Angeles. See Original Decl., ¶ 30, Ex. A. Accordingly, Best Buy's rates are

within market rates in Los Angeles, the market in which Best Buy's counsel practice.

Plaintiff, after combing through defendants' billing record exhibit, raises several objections to the fee amounts requested by defendants, including: (a) that hours spent at hearings in this case are overstated; (b) that 18.1 hours claimed by Mr. Covelman in drafting a case analysis and strategy memorandum after defendants' answer was filed, were unreasonable; (c) that 92.95 hours spent on the motion for judgment on the pleadings was excessive and unreasonable; (d) that 22.55 hours spent on discovery was unreasonable; (e) that 47.1 hours spent on drafting defendants' motion for attorney's fees was unreasonable; and (f) that 0.2 hours spent performing administrative work was also unreasonable. Plaintiff requests that Best Buy's attorney's fees be reduced accordingly.

The majority of plaintiff's objections are unpersuasive. Plaintiff has provided no evidence or convincing argument, for example, that suggests that the 18.1 hours spent by Mr. Covleman in drafting a case analysis and strategy memorandum were unreasonable. To the contrary, the court finds the opposite to be true, particularly since the preparation of a case analysis and strategy memorandum for a client serves a legitimate and important purpose in streamlining further aspects of the case. Moreover, the mere fact that the memorandum may have occurred after defendants had submitted their answer adds nothing to plaintiff's argument, for the litigation continued after defendants filed their answer, thereby implicating continued litigation tactics and strategy concerns.

The court is also unable to conclude that 92.95 hours spent in preparing defendants' motion for judgment on the pleadings was unreasonable. Given the thoroughness and significance of this motion to the litigation, its dispositive effect on all but the Desny claim, and the fact that the total hours claimed encompassed the drafting of the motion, review of plaintiff's opposition, and the drafting of defendants' reply brief, the amount of time spent on the motion was reasonable. See Supp. Decl., Ex. A at 7-10. Similarly, 22.5 hours spent on discovery is not unreasonable. Plaintiff claims that time spent for discovery should nonetheless be discounted, because the discovery was ultimately rendered moot, in view of

12

the court's ruling on defendants' motion for judgment on the pleadings. However, there is no basis upon which to conclude that a reduction in defendants' fee award is appropriate, just because necessary work that was undertaken in well-founded anticipation of continued litigation, ultimately becomes unnecessary. Finally, the 0.2 hours that was spent by counsel in filing a stipulation and calendaring a new response date, was also reasonable. Plaintiff asserts that such "administrative work" should have been performed by a paralegal or secretary, not counsel. However, while paralegals and secretaries routinely perform such work, the filing of a stipulation with the court, as well as calendaring, are ultimately the responsibility of counsel, and the court declines to penalize counsel for having properly performed tasks for which they are ultimately responsible. In sum, therefore, the court overrules plaintiff's objections to all the foregoing items.

With respect to plaintiff's objections regarding items (a) and (e), however, the court finds that some adjustment to the amount of fees sought is necessary. Item (a) refers to the 6.00 hours that Mr. Hinton claimed for attendance at the January 18, 2006 hearing on plaintiff's motion for preliminary injunction, as well as the 3.65 hours that Mr. Hinton claimed for attendance at the February 15, 2006 hearing on Best Buy's motion to dismiss. See Supp. Decl., Ex. A at 2. The court finds that 6.00 hours claimed for attendance at the hearing is unreasonable, particularly in view of the fact that the court's civil law and motion calendar rarely extends to a 6 hour period, and because travel time has not been claimed. Accordingly, the court will reduce any award for time spent attending the January 18 hearing by 3.00 hours. As for the 3.65 hours that Mr. Hinton spent at the February 15 hearing, the court will also reduce any award by .65 hours, for a total of 3.00 hours. As a result, the fees sought in connection with these two hearings will be reduced by $1,679.00.

Item (e), by contrast, refers to the 47.1 hours spent on the instant motion for attorney's fees, to which plaintiff objects. This is typically referred to as "fees upon fees." Defendants have requested fees upon fees in the amount of $20,777.00 (this amount is

included in the $123,527 fee award sought).[3]  See Supp. Decl., Ex. A at 15-16.  In addition to this amount, Best Buy also seeks an additional $3,950.00 in fees incurred in preparing the reply brief for the attorney's fee motion.  See First Supplemental Declaration of David Martinez ISO Mot. for Atty. Fees Reply ("First Supp. Decl."), ¶ 4.  It is Best Buy's burden to establish that the fees it seeks were reasonably necessary to the successful litigation of their claims.  See Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 (9th Cir.1984).  However, it is not immediately apparent to the court that fees incurred in bringing an attorney's fees motion were reasonably necessary to the successful litigation of Best Buy's defense.  While other federal statutes – e.g., 42 U.S.C. § 1988, 28 U.S.C. § 2412 – have been construed to permit the recovery of fees upon fees, defendants have not submitted any controlling authority regarding the availability of fees upon fees vis-a-vis the Copyright Act specifically.  Accordingly, the court declines to award such fees.  Moreover, with respect to the $3,950.00 requested in conjunction with the work done on the reply brief, Best Buy has submitted the same type of generic supporting declaration that the court held was insufficient in its October 23, 2007 order requiring supplemental documentation.  See First Supp Decl., ¶ 4.  No itemized billing records in connection with the work done on the reply appear to have been submitted.  As such, the court reduces the total fee amount requested by $20,777.00, and declines to award the additional $3,950.00 requested by Best Buy in relation to the work undertaken on the reply brief.

Finally, the court has itself found two more entries that warrant an adjustment to the fee amount sought by Best Buy.  First, Best Buy seeks reimbursement for .30 hours (totaling $138.00) that Mr. Hinton spent analyzing "plaintiff's initial disclosures and Rule 11 re plaintiff's newly alleged marketing agreement" on July 5, 2006.  See Supp. Decl., Ex. A

---

[3] Plaintiff's opposition claims that the 47.1 hours spent on the attorney's fee motion corresponds with $18,604.50.  However, the court's own review of the billing entries and records discloses that defendants spent an actual total of 52.6 hours on the motion and are seeking a total of $20,777.00 in associated fees, not including any fees spent in drafting the reply.  Accordingly, the court utilizes this latter fee amount, premised on the 52.6 hours recorded in defendants' billing records.

14

1  at 6. However, plaintiff's marketing agreement allegations were made in connection with its
2  state law claim, not the copyright claims for which an award of attorney's fees is
3  permissible. Accordingly, the court will reduce any award by $138.00. Second, Mr. Hinton
4  spent another .30 hours (again, totaling $138.00) analyzing "statute of limitations and
5  breach of implied contract ('Idea theft' cause of action) with D. Martinez" on August 25,
6  2006. See id. at 7. Since this entry, too, dealt with defendants' response to plaintiff's
7  independent state law claims rather than a defense to the copyright claims, the court will
8  reduce plaintiff's award by another $138.00 – for a total reduction of $278.00 for the two
9  foregoing entries.

10  In sum, and with the foregoing reductions taken into account, the court awards
11  defendants a modified total of $100,793.00 in attorney's fees.

12      b.   costs

13  Section 505 allows the court in its discretion to award "full costs." See 17 U.S.C. §
14  505. Defendants claim total costs equal to $9,315.17, which have been provided in
15  itemized format. See Original Decl., Ex. B. These costs represent approximately $570 for
16  the court reporter, $245 for printing, $506 for copies, and remaining costs associated with
17  legal research charges, FedEx mailings, hotels, experts, and miscellaneous matters. See
18  id. Defendants have discounted their costs by 20% – once again, in order to account for
19  costs spent solely on the copyright claims – which means they are seeking costs here in
20  the amount of $7,452.14.[4]

21  Plaintiff takes issue with defendants' cost amounts, to the extent such costs include
22  general overhead expenses such as postage, telephone calls and attorney travel.
23  According to plaintiff, such costs cannot be awarded under section 505.

24  This is not correct. As defendants point out, "full costs" are recoverable under
25  section 505 of the Copyright Act, as noted by the Ninth Circuit in Twentieth Century Fox

---

[4] Defendants' papers state that they seek costs in the amount of $7,252.14. However, defendants appear to have made a simple mathematical error, as 80% of the total cost amount of $9315.17 is $7,452.14.

Film Corp. V. Entm't Distrib., 429 F.39 869, 884-85 (9th Cir. 2005).  This includes the type of general overhead costs that plaintiff challenges.  See id. ("we hold that district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505.").  Furthermore, to the extent that plaintiff challenges travel expenses specifically, such expenses have not been claimed by Best Buy in its pursuit of costs.  See First Supp. Decl., ¶ 3.

In sum, then, plaintiff's arguments for reducing costs are without merit, and the court finds that Best Buy's itemization of costs sufficient to support the reimbursement sought.  Accordingly, the court awards defendants costs in the amount of $7,452.14.

C.   Conclusion

For the foregoing reasons, the court hereby GRANTS defendant's motion for an award of attorney's fees in the amount of $100,793.00, and costs in the amount of $7452.14, for a total award in the amount of $108,245.14.

Payment of attorney's fees and costs is stayed, however, until after the resolution of plaintiff's appeal.

**IT IS SO ORDERED.**

Dated: March 26, 2008

　　　　　　　　　　　　　　　　　　　　　　　
PHYLLIS J. HAMILTON
United States District Judge